UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ,

    Plaintiff,
vs.

SUNSHINE GASOLINE DISTRIBUTORS, INC.,

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Sunshine Gasoline Distributors, Inc. ("Defendant") for injunctive relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA") and alleges the following:

**JURISDICTION AND VENUE**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §§36.302, 36.303. The foregoing constitutes violation of 28 C.F.R. §§36.302, 36.303 and 42 U.S.C. §12182.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, Southern District of Florida.

4. Furthermore, venue is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is conducting business within the jurisdiction of this court by virtue of the fact its place of public accommodation is available to the general public within this district and the acts constituting the violation of the ADA occurred in this district.

5. Defendant is authorized to conduct business within the State of Florida as a domestic for-profit corporation.

6. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

8. Defendant is the owner and operator as a franchisee of a chain of gasoline stations under the brand name "Marathon."

9. Defendant's Marathon gas stations are open to the public and each is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(F); §12182, and §36.104(6).

10. Defendant's Marathon gas stations also contain convenience stores which meet the definition of a public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 CFR 36.104(5).

11. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates Marathon

brand gasoline stations and convenience stores; U.S.C. §12181(7)(F), (E) and 28 C.F.R. §36.104.

12. The Marathon gas station which is the subject of this action is located at 1601 SW 37th Avenue, Miami Florida 33145 and is referenced throughout as "Place of Public Accommodation," "gas station," or "Marathon #132 (gas station)."

13. The Marathon #132 gas station is in close proximity to Plaintiff's residence and to the Publix grocery store where Plaintiff purchases his groceries.

14. On May 19, 2020 Plaintiff drove up to one of the gasoline pumps at Defendant's Marathon #132 gas station in order to purchase gasoline for his vehicle. Plaintiff's visit was prior to instituting the instant action.

15. The gasoline pumps at Defendant's gas station were/are not equipped with a call button in order to call an attendant to assist customers with mobility impairments in pumping gas. Furthermore, the gas station has no signage on or around the gasoline pump providing a number to call for assistance.

16. The gasoline pumps at Defendant's Marathon gas station contain an audio-visual television media feature embedded within each of the gasoline pumps and many stickers providing information for the general public, but nowhere on the gasoline pump is there a button to summon assistance for the disabled patrons to summon assistance in pumping gasoline and nowhere is there signage containing a phone number for patrons to call in order to summon assistance in pumping gasoline.

17. Neither the gas station nor the gasoline pumps provided a means to alert Defendant's employees to assist disabled individuals in pumping of gas.

18. Because there was no means to effectively communicate with Defendant's representative in order for Defendant to accommodate Plaintiff for his disability, Plaintiff honked his horn repeatedly in order to draw the attention of Defendant's representatives who were inside the convenience store (which is a part of the gasoline station) so that one of them would come outside to the gasoline pump and assist him in pumping gas. Despite repeated horn honking, no one came to assist Plaintiff with pumping gas into his vehicle.

19. Defendant failed to accommodate Plaintiff for his disability so Plaintiff was unable to patronize the Marathon #132 gas station and purchase gasoline for his vehicle. This discrimination has resulted in Plaintiff being denied full and equal provision of goods, services, facilities, privileges, advantages, and accommodations being offered at Defendant's Marathon gas station to the general public.

20. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries and has suffered an injury-in-fact.

21. On information and belief, the Defendant is well aware of the ADA and the need to accommodate disabled individuals to provide access to its goods and services as it provides to the general public.

22. Therefore, Defendant's failure to reasonably accommodate disabled individuals by failing to provide a means to alert its representatives when a disabled patron is in need of assistance for purchasing/pumping gasoline is/was willful, malicious, and oppressive and violation of the ADA. 28 C.F.R. §36.303.

23. Plaintiff has patronized Defendant's Marathon gas station in the past (when he has been accompanied by others who have pumped gasoline for him and occasionally when Defendant's representatives have assisted him) and continues to desire to return to purchase gasoline therein, but Plaintiff continues to be injured in that there is no established method or means to alert Defendant's representatives as to his presence and needs for assistance as a disabled individual.

24. For all of the foregoing, Plaintiff has no adequate remedy at law.

25. Plaintiff has been obligated to retain the law offices of J. Courtney Cunningham, PLLC and have agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I - VIOLATIONS OF TITLE III OF THE ADA

26. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 30 years.

27. Defendant's Marathon #132 gas station is open to the public, which means that it is a place of public accommodation governed by the ADA, and therefore must be in compliance therewith.

28. Defendant is subject to the provisions of 42 U.S.C. §§12181(7)(E) & (F) and 28 C.F.R. §36.104 because it is the operator of the Marathon gas station located at

1601 SW 37th Avenue, Miami Florida.

29. Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendant is required to make its place of public accommodation accessible to persons with disabilities since January 28, 1992. The U.S. Department of Justice issued regulations requiring self-service gas stations to provide assistance to patrons who are disabled with pumping gas in May of 1999. https://www.ada.gov/gasserve.pdf

30. The Department of Justice guidelines require self-serve gas stations to provide equal access to their customers with disabilities. If necessary to provide access, gas stations must:

- Provide refueling assistance upon the request of an individual with a disability.

- Let patrons know (through appropriate signs[1] or notifications on or near the pumps[2]) that customers with disabilities can obtain refueling assistance.

- Provide the refueling assistance without any charge beyond the self-serve price. (https://www.ada.gov/gasbrprt.pdf)



31.     The U.S. Department of Justice updated the specification for gas station pumps March 15, 2012 with requirements for pumps themselves to be accessible to individuals with disabilities (i.e. no operable parts over 54 inches above the driving service which would include card reader, fuel grade selection and buttons requesting help) but kept in place the requirement for self-serve gas stations to provide effective communication between the convenience store operator and the pump. Effective communication between the disabled customer at the pump would necessitate the gas pump to have a call button or signage with a phone number for the disabled patron to contact the convenience store operator for assistance.

32.     According to the Department of Justice, station owners in violation of the March 15, 2012 requirements for self-serve gas stations could be fined more than $50,000 for a first offense[3].

33.     Defendant has failed to comply with the Department of Justice mandate by failing to provide effective communication between its convenience store operator and disabled individuals who require assistance pumping gas. This failure has led to Plaintiff, a disabled individual, suffering an injury in fact.

34.     Public accommodations such as Defendant are required to provide full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §§12181(7)(E),(F), §12182(a); 28 C.F.R. §36.203(a). Specifically, the public accommodation must:

---

[3] https://nmeda.com/ada-has-new-rules-for-pumping-gas-for-people-with-disabilities/

  a)  Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a);

  b)  Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to people with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. §12181(9), §12182(b)(1)(B), §12188(a); 28 C.F.R. §36.302(a); and

  c)  Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12818(9), §§2182(b)(2)(A)(ii),(iii); 28 C.F.R. §36.303(a);

  35.  The Defendant has violated the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

  a)  Failed to maintain policies and procedures to ensure compliance with 42 U.S.C. §12182(a); 28 C.F.R. §36.303(a); specifically failed to provide effective communication for disabled patrons within the Defendant's place of public accommodation.

b) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §§12182(b)(2)(A)(ii) & (iii), 28 C.F.R. §36.303(a), and 28 C.F.R. §36.303(b)(1).

36. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief such that the Marathon #132 gas station complies with the ADA and Department of Justice guidelines by providing effective communication by either by a call button or by providing appropriate signage to establish communication in order to provide assistance; https://www.ada.gov/gasbrprt.pdf.

WHEREFORE, Plaintiff Jesus Gonzalez respectfully prays that this Court grant the following relief against the Defendant Sunshine Gasoline Distributors, Inc. including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff full and equal enjoyment of its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. This includes entry of a permanent injunction ordering the Defendant Sunshine Gasoline Distributors, Inc.:

a) To declare that Defendant's marathon #132 gasoline station is in violation of the ADA;

b) To enter an Order directing Defendant's Marathon #132 gas station accommodate individuals with disabilities in the most integrated setting appropriate to

9

people with disabilities so that they may have equal access to its goods, services, facilities, privileges, advantages and accommodations at that gas station;

      c)      To enter an Order directing Defendant to furnish appropriate auxiliary aids for the provision of effective communication for patrons who are disabled by providing call numbers or call buttons so that its representatives are alerted to a disabled individuals' presence in order to assist that disabled individual with purchasing/pumping gasoline for their vehicle at its place of public accommodation located at 1601 SW 37th Avenue, Miami Florida 33145;

      d)      Award reasonable costs and attorneys' fees; and

      e)      Award any and all other relief that may be necessary and appropriate.

Dated: June 3, 2020

                                Respectfully submitted,

                                */s/ J. Courtney Cunningham*
                                J. Courtney Cunningham, Esq.
                                J. COURTNEY CUNNINGHAM, PLLC
                                FBN: 628166
                                8950 SW 74th Court, Suite 2201
                                Miami, Florida 33156
                                Telephone: 305-351-2014
                                Email: cc@cunninghampllc.com
                                *Counsel for Plaintiff*